THE TOWN OF WESTFIELD v. PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION.

Submitted April 18, 1913—Decided June 3, 1913.

1. An ordinance, granting to a street railway company the right to lay its tracks in the streets of a municipality, contained two sections, one requiring the railway company to pave between its tracks on all streets, and the other dealt with the repairs required to be made by the company, under which the company was bound to repair not only between the tracks, but eighteen inches outside. This section contained a clause which required the company to pave certain streets from curb to curb. *Held*, that the obligation thus cast upon the company did not require it to keep in repair the streets from curb to curb, but only to pave from curb to curb, and did not relieve the company from keeping in repair, even on the streets it was bound to pave from curb to curb, so much of the street as lay between the tracks and eighteen inches on each side thereof.

2. It is a well-settled rule of pleading that a demurrer opens all errors in the pleading and the judgment thereon goes against the first bad pleading.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the plaintiff, *Paul Q. Oliver.*

For the defendant, *Frank Bergen.*

The opinion of the court was delivered by

BERGEN, J. This action was brought to recover the cost of repairing Summit avenue and South avenue in the town of Westfield, which the plaintiff claims it was the duty of the defendant company to keep in good condition and repair to the satisfaction of the town council of the town of Westfield, and the defendant having neglected and refused to perform that duty, the plaintiff caused the streets to be put in order, the cost of which it seeks to recover.

The right of the defendant to occupy the streets with the rails necessary to operate a street railway was granted by an ordinance which the predecessor of the defendant company accepted, thereby creating a contract between the parties. It is admitted that the defendant company, as the successor of the original company, is bound by, and entitled to, the duties and rights contained in this contract.

The pertinent sections of the ordinance set out in the declaration and upon which the plaintiff relies are as follows:

"The said company, at its own cost and expense, in all streets and avenues through which it shall lay its tracks hereunder, shall pave said tracks and between the rails thereof in a good, substantial and workmanlike manner with a telford or macadam pavement to a depth of six inches, and shall maintain the same flush with the rail of said track. The railway tracks and macadam or telford pavement shall be laid and constructed in the best workmanlike manner and to the satisfaction of the township committee of the township of Westfield, or such committee thereof as may have charge of the streets and highways.

"Section 4. The company shall at all times keep in good condition and repair to the satisfaction of the township committee of the township of Westfield (repaving if necessary) the paving between the tracks, between the rails and one foot six inches outside the same, to a depth of six inches. Except on Westfield avenue, South avenue and Summit avenue to Park street, which shall be paved from curb to curb to a depth of six inches. Also except along Centre street between

Spruce avenue and South avenue, where only a single track shall be laid on the westerly side of the centre line of Centre street.    Said tracks to be laid substantially in the same manner as upon other streets not included in exceptions named."

It is admitted that the defendant company did pave from curb to curb to a depth of six inches on the streets required by the exception or proviso set out in section 4 of the ordinance, but the plaintiff claims that the obligation which the defendant assumed is to keep in good condition and repair the entire roadbed from curb to curb on the streets mentioned, while the defendant insists that its duty is confined to the original paving and does not embrace a continuing duty to keep in good repair any part of the roadway.

The declaration avers that the duty of the defendant requires it to keep in good condition and repair "the paving in said street between the said tracks, between the rails and from curb to curb to a depth of six inches at its own expense, so that at all times the same should be convenient and safe for public travel," and then avers that the defendant did not perform this duty, and because of that default, the plaintiff was compelled to, and did, lay out and expend a large sum of money in repairing Summit and South avenues, "so that the said roads or highways should be convenient and safe for public travel, and to afford all persons, vehicles and the like, proper and reasonable facilities for crossing and leaving the said highways aforesaid."

To this the defendant, among other pleas, answered that it had "paved from curb to curb to the depth of six inches the roads and highways known as Summit avenue and South avenue," and thereby performed all the matters and things in said ordinance, acceptance and agreement contained, which the defendant was required to do and observe.    To this plea the plaintiff filed a replication setting out that if the defendant had paved from curb to curb to the depth of six inches on said streets, it did not thereby abide by and perform all the matters and things in the ordinance, acceptance and agreement contained, to be kept and performed by the defendant, because it did not at its own expense, keep in

good condition and repair the paving on the two streets "between the tracks, between the rails and from curb to curb on said streets." To this replication the defendant demurred, the principal ground being that the contract declared on does not require the defendant to repair the pavement mentioned.

By referring to section 2 of the ordinance it will appear that the defendant is required to pave between the rails in a good, substantial and workmanlike manner with telford or macadam pavement, and is not required to pave outside of the rails. This section does not deal with repairs, and all that is required of the defendant is that the street between the tracks shall be paved in the manner described in this section. Section 4 deals with repairs and requires the defendant to repair "the paving between the tracks, between the rails and one foot six inches outside the same to a depth of six inches, so that if the ordinance went no further, all that the defendant was required to do was to pave between the tracks, and keep in repair not only the paving between the tracks, but one foot six inches outside of the same.

The difficulty arises in properly construing the exception contained in section 4, which is that the streets named "shall be *paved* from curb to curb to a depth of six inches." This proviso apparently should have been a part of section 2, which deals with the question of paving alone, for manifestly it has no reference to repairs, and was probably introduced into the ordinance to require the defendant to pave the streets named, not alone between the tracks, as in section 2, but from curb to curb. We construe these two sections to mean that, as to paving, the defendant's duty is limited to paving between the tracks, except on Westfield avenue, South avenue and Summit avenue, on which streets it was the defendant's duty to pave from curb to curb, and having done that, its obligation to pave has been performed, but that this performance does not exonerate the defendant from keeping in repair, even on these streets, the street between the tracks and eighteen inches on each side, and therefore

the contention of the defendant that, having paved on these streets from curb to curb, it is relieved from keeping it in repair between the tracks and eighteen inches outside, is not sound, and if nothing else appeared, the demurrer would have to be sustained, but it is a well settled rule of pleading that a demurrer opens all errors in the pleading and the judgment thereon goes against the first bad pleading (*Brehen* v. *O'Donnell, 5 Vroom* 408), and as the declaration in this cause is rested upon an alleged duty of the defendant to keep in good repair the paving from curb to curb, and claims damages for the non-performance thereof, which duty is not required of the plaintiff by the contract sued on, the first bad pleading is the declaration. The declaration not stating a legal cause of action, the demurrer will be applied to it, and for that reason must be sustained with leave to the plaintiff, if it so desires, to amend its declaration.

The defendant is entitled to judgment on its demurrer.